MATTER OF DELMAR. 237

Misc. 237]    Surrogate's Court, New York County, November, 1926.

In the Matter of Proving the Last Will and Testament of SARAH A. DELMAR, Deceased.

Surrogate's Court, New York County, November 11, 1926.

**Wills — contested probate — verdict of jury finding that testatrix was competent is in accord with weight of evidence.**

A special verdict of a jury answering in the affirmative the sole question submitted to it and finding that the testatrix was of sound mind and competent to make her will, should not be set aside where the evidence overwhelmingly established the mental competency of the testatrix, particularly where the Court of Appeals on a prior appeal held that the question of competency was for the jury.

RETRIAL of a contested probate proceeding.

*Hunt, Hill & Betts* [*Herbert Smyth* of counsel], for the proponent.

*Battle, Vandiver, Levy & Van Tine* [*George Gordon Battle* of counsel], for the contestants.

*Elkins & Conklin*, for Fanny Perry Evans, legatee.

*Olvany, Eisner & Donnelly*, for Lydia M. Purdy, legatee.

FOLEY, S. Upon the first trial the jury, in its special verdict, found that the testatrix was of unsound mind at the time of the execution of the will on January 5, 1925. Upon appeal from the decree entered on that verdict, which denied probate to the contested paper, the Appellate Division reversed, held that the proof established the testamentary capacity of testatrix as a matter of law and decreed that the will be admitted to probate. (214 App. Div. 500.) An appeal was then taken to the Court of Appeals, which modified the decision of the Appellate Division by directing that the issue of testamentary capacity be retried. (243 N. Y. 7.) On the subsequent trial before me, the jury in its special verdict answered in the affirmative the sole question submitted to it and found that the testatrix was of sound mind and competent to make her will. The motion of the proponent for a general verdict is granted and the will is admitted to probate. The motion of the contestants to set aside the special verdict as against the weight of evidence and upon other grounds is denied.

The evidence overwhelmingly established the mental competency of the testatrix, her intelligent instructions to the draftsman of the will at the time of its preparation and execution, and her fixed and determined purpose to distribute her estate in the manner set forth in the will. It is unnecessary to restate the circumstances surrounding its execution. They are sufficiently set forth in the opinions of

the appellate courts. (*Matter of Delmar*, 214 App. Div. 500; 243 N. Y. 7.) Although the testatrix was seventy-four years of age and seriously ill at the time of the making of the will, she retained much of her vigorous mentality. The testimony of the three subscribing witnesses, one of them an attorney and the draftsman of the paper, another the attending physician, and the third the manager of the hotel in which she lived, was particularly clear and convincing as to her soundness of mind. The testimony of other witnesses tended strongly to sustain the verdict. In addition to the witnesses who testified upon the former trial, there was produced a new witness, Miss Emily Garner. Her version of the preliminary instructions given by the testatrix, her description of the events of the night of the execution of the will, and her conversation with the testatrix after the making of the will strengthened the proponent's side of the case. One other additional piece of evidence was admitted upon this trial which was not in the previous record. A memorandum in the handwriting of the decedent was produced, the provisions of which are almost identical with the names of the legatees and the amounts of the legacies set forth in the will. This written declaration of the decedent was a very impressive expression of her testamentary intentions and lent strong support to the evidence of the subscribing witnesses. The decision of the Court of Appeals held that the question was one of fact for determination by the jury. The jury's finding here is in accord with the overwhelming weight of evidence and should not be disturbed.

Tax costs and submit decree on notice admitting the will to probate.